UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
GCT NEW YORK LP,

                Plaintiff,

           -against-

MAERSK LINE A/S and
HAMBURG SÜDAMERIKANISCHE
DAMPFSCHIFFFAHRTS
GESELLSCHAFT APS & CO KG

                Defendants.
------------------------------------------------------------X

Case No. 20-cv-3121-JPC

**STIPULATION AND [PROPOSED] ORDER**
**GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL**

    IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, by and among Plaintiff GCT New York LP and Defendants Maersk A/S, f/k/a Maersk Line A/S and Hamburg Südamerikanische Dampfschifffahrts Gesellschaft APS & CO KG (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"; the above-captioned action is referred to as the "Action"), through their undersigned counsel, that the following provisions of this Stipulation and Proposed Order Governing Confidentiality of Discovery Material (the "Stipulation and Order") govern disclosure and use by the Parties of all documents, testimony, transcripts, video, audio, exhibits, interrogatory answers, responses to requests for admission, electronically stored information ("ESI"), and any other materials and information (including, to avoid any ambiguity, any copies, summaries, or derivations thereof and expert reports) produced or provided by the Parties or any non-party during discovery in the Action (collectively, "Discovery Material(s)"):

1. This Stipulation and Order is entered to facilitate the production, exchange, and discovery of Discovery Materials that merit confidential or highly confidential (attorneys' eyes only) treatment.

2. All Discovery Materials produced or disclosed in connection with the Action shall be used solely for the prosecution or the defense of the Action (including any appeal therefrom).

3. A Party, non-party, person or other entity that produces or discloses Discovery Materials in connection with the Action shall be referred to herein as the "Disclosing Party."

4. A Party, non-party, person or other entity that receives Discovery Materials in connection with the Action shall be referred to herein as the "Receiving Party."

5. "Document" shall have the meaning assigned in Local Rule 26.3(c)(2), and shall also include any recorded form of information, whether in printed, electronic, or other format, including deposition transcripts, answers to interrogatories, and other discovery responses.

6. Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith contends contains or reflects currently confidential and/or proprietary business or personal information, and that the Disclosing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and thus requires the protections provided in this Stipulation and Order.

7. A Producing Party may designate Discovery Material as "Highly Confidential – Attorneys' Eyes Only" if it reasonably and in good faith believes that the material constitutes or reflects trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information, the disclosure of which is substantially likely to result in the competitive, commercial, or financial harm to the Producing Party or its personnel, clients, or customers.

8. Discovery Material designated "Confidential" shall be referred to herein as "Confidential Discovery Material." Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" shall be referred to herein as "Highly Confidential Discovery Material." The designation of Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only shall be made in the following manner:

(a) In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by marking or stamping the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to each page containing any such information; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to the media (e.g., CD-ROM, hard drive, etc.) containing the Discovery Material.

(b) In the case of depositions or other pre-trial testimony: (i) by a statement on the record by counsel at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 30 business days of the conclusion of the deposition or other pre-trial testimony. All depositions shall presumptively be treated as Confidential during the deposition and until thirty (30) days after the final transcript is received by counsel for the Parties, unless otherwise specified in writing or on the record. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

(c) Any expert reports prepared using Confidential or Highly Confidential Discovery Material shall also be appropriately designated as Confidential or Highly Confidential and treated in accordance with the provisions of this Stipulation and Order.

9. Whenever a Disclosing Party designates Discovery Material as "Highly Confidential – Attorneys' Eyes Only," the Disclosing Party shall, contemporaneous with the production of the Discovery Material, provide written notice (in the form of a cover letter or otherwise) that the production includes Highly Confidential Discovery Material.

10. The Receiving Party may at any time notify the Producing Party that it disagrees with a confidentiality designation and may request that it be amended or removed. The Parties shall thereafter meet and confer in good faith to resolve the disagreement. If they are unable to reach an agreement, the Receiving Party may move the Court for an order removing or amending the designation; the Producing Party will bear the burden on any such motion of proving that the material is entitled to the designation being challenged. The material shall retain the designation originally asserted unless and until the Court rules otherwise.

11. The designation of any Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or other immunity or protection from disclosure, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

12. This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, attorney-client privilege, the joint defense privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or doctrine protecting such documents from disclosure (collectively referred to as "privilege[s]"), and is without prejudice to any other Party's right to contest such a claim of privilege.

13. Production of Privileged Material.

(a)     No Waiver by Disclosure.  This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if a Disclosing Party discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal or state action – of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

(b)     Notification Requirements; Reasonable Efforts of Receiving Party.  A Disclosing Party must promptly after discovery of inadvertent production notify the Receiving Party, in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure and provide the basis for its privilege claim.  Upon such notification, the Receiving Party must – unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c) – promptly notify the Disclosing Party that it will make reasonable efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has and that it will cease further review, dissemination, and use of the Privileged Information.

(c)     Contesting Claim of Privilege or Work Product Protection.  If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must – within five business days of receipt of the notice of disclosure – move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion").  ~~The Disclosure Motion must be filed under seal~~ The Disclosure Motion must be filed in accordance with 4.C of the Court's Individual Rules and Practices in Civil Cases and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the

Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

   (d)  Stipulated Time Periods.  The Parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

   (e)  Attorney's Ethical Responsibilities.  Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

   (f)  Burden of Proving Privilege or Work-Product Protection. The Disclosing Party retains the burden – upon challenge pursuant to paragraph (c) – of establishing the privileged or protected nature of the Protected Information.

   (g)  *In camera* Review.  Nothing in this Order limits the right of any Party to petition the Court for an in camera review of the Privileged Information.

   (h)  Voluntary and Subject Matter Waiver.  This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

   (i)  Review.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Further nothing contained herein is intended to reduce the time frame provided to the Disclosing Party to complete their review should they choose to do so.

(j) Proportionality. Nothing contained herein is intended to limit a Party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(k) Rule 502(b)(2). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

14. If, during a deposition, a Party claims that Discovery Material being used in the deposition (*e.g.*, a document marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege, it may instruct the witness not to answer questions concerning the Discovery Material pending a prompt resolution of any disagreement concerning the Discovery Material's purported privileged status. If a Party instructs the witness not to answer questions concerning the Discovery Material, the Parties will then cooperate in promptly submitting the issue of the Discovery Material's status to the Court in accordance with paragraph 13. If the Discovery Material is ultimately determined not to be privileged, the Party or entity asserting the claim of privilege shall provide the deposing Party a reasonable opportunity to depose the witness about the Discovery Material, which shall be at the earliest practicable time for the witness and its counsel or as otherwise agreed by the Parties or ordered by the Court.

15. If at any time prior to trial a Producing Party realizes that it should have designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any material that it previously produced without limitation, it may designate the material by way of written notice to the Receiving Party or in a manner consistent with Paragraph 8 above. The Receiving Party or Parties shall replace the originally designated material with the newly designated material and shall destroy the incorrectly designated material. The Receiving Party shall thereafter treat the

information as designated.  To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material or Highly Confidential Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further such disclosure.

16. Each Party shall have the responsibility, through counsel, to advise the Disclosing Party promptly of any disclosure, by inadvertence or otherwise, not authorized under this Order of such Party's Confidential or Highly Confidential Discovery Material.  The Party that disclosed the Confidential Discovery Material or Highly Confidential Discovery Material to a Party or person not authorized under this Stipulation and Order to receive such Confidential Discovery Material or Highly Confidential Discovery Material shall make commercially reasonable efforts to bind such person or Party to the terms of this Stipulation and Order; and shall, as soon as practicable, but in any event, no later than five (5) business days after discovery by counsel of record of such disclosure  (a) inform such person of all the provisions of this Stipulation and Order; (b) request such person to execute the Undertaking Regarding Stipulation and Order Governing Confidentiality of Discovery Material, which is Exhibit A hereto (the "Undertaking"); (c) make commercially reasonable efforts to retrieve all copies of the Confidential Discovery Material or Highly Confidential Discovery Material; and (d) notify the Disclosing Party in writing of the unauthorized disclosure and the identity of such person and the status of such disclosure.  The Parties shall be entitled to seek enforcement of this Stipulation and Order for any violation thereof, including injunctive relief as necessary.

17. Any recipient of Discovery Material may use that material solely for the prosecution or defense of this Action and any appeals thereto, and not for any business, commercial, or competitive purpose, or in any other litigation or proceeding unrelated to the

transactions and occurrences at issue in this Action. Confidential Discovery Material and Highly Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order.

18. Except as otherwise specifically provided in this Stipulation and Order, absent the prior express written consent of the Disclosing Party, Confidential Discovery Material shall not be disclosed, summarized or otherwise made available to anyone except the following persons:

(a) the Court and court personnel, any appellate court in the Action, and jurors;

(b) the Parties' in-house and outside counsel of record participating in the prosecution and defense of the Action and their legal, clerical, or support staff, including temporary or contract staff;

(c) the officers, directors and employees of the Parties, or their affiliated entities, who have responsibility for supervising, maintaining, defending, or evaluating the Action and/or issues involved in the Action (and their supporting personnel);

(d) as to any Document, its author, addressee, and any other person indicated on the face of the Document as having received the Confidential Discovery Material;

(e) professional court reporters, stenographers, or video and/or audio operators transcribing, recording, or taping depositions or testimony in the Action;

(f) any mediator or arbitrator that the Parties engage in this Action or that the Court appoints;

(g) expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of the Action, provided that counsel, in good faith, requires their assistance in connection with the Action, and provided further that the experts or

consultants may not use Confidential or Highly Confidential Discovery Material to their business or competitive advantage or for any purpose that does not relate to the Action;

(h) deponents and witnesses or prospective deponents or witnesses (and counsel for such deponents or witnesses) to the extent reasonably believed by counsel to be necessary in connection with their testimony in the Action or the preparation thereof; provided, however, that a person identified solely in this Subparagraph 18(h) shall not be permitted to retain copies of such Confidential Discovery Materials;

(i) vendors or service providers (e.g., retained by or for the Parties to assist in discovery, pretrial proceedings, trial and/or hearing, including outside photocopying, data processing, graphic production services, litigation support services, etc.) retained or employed by the Parties or their counsel to assist in the Action;

(j) any other person agreed to by the Parties in writing or on the record.

19. All persons to whom Confidential Discovery Material is disclosed pursuant to Subparagraphs 18(b)-18(j) above shall, prior to disclosure, be advised of the contents of this Stipulation and Order. All persons to whom Confidential Discovery Material is disclosed solely pursuant to Subparagraphs 18(g) or 18(h) shall be required to execute the Undertaking, evidencing their agreement to the terms of this Stipulation and Order.

20. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, Discovery Material designated as Highly Confidential Discovery Material may be disclosed only to the following persons:

(a) persons identified in Subparagraphs 18(a), (d), (e), (f), (g) and (i), subject to the requirements of paragraph 19;

(b) outside counsel of record and one designated in house counsel of the Receiving Party, who shall be so-designated and identified to opposing counsel through provision of a signed Undertaking (the "Designated In-House Counsel"), participating in the prosecution and defense of the Action and the legal, clerical, or support staff, including temporary or contract staff, of outside counsel of record;[1]

(c) any other person agreed to by the Parties in writing or on the record.

21. All persons to whom Highly Confidential Discovery Material is disclosed pursuant to Subparagraphs 20(b) or (c) above shall, prior to disclosure, be advised of the contents of this Stipulation and Order.

22. For purposes of this stipulation and order "expert witnesses and consultants" includes the staff of such expert witnesses and consultants who are involved with, and reasonably necessary to assist such expert witnesses or consultants in the Action.

23. No Confidential or Highly Confidential Discovery Material may be disclosed to any outside experts or consultants who are current employees of any direct competitor of any Party to this Action.

24. Notwithstanding any of the foregoing, Parties shall not be required to obtain an executed Undertaking from a non-party deposition or trial witness (including a former officer, director or employee of a Party) before showing that non-party deposition or trial witness, during

---

[1] A Party may change its Designated In-House Counsel upon 5 days' written notice to all other Parties for good cause (e.g., because a previously Designated In-House Counsel has changed job responsibilities), as long as the replacement Designated In-House Counsel has signed the Undertaking and there is no objection to the redesignation. In the event of an objection to a replacement designation, the Parties shall meet and confer and, if unable to reach a resolution, the Party seeking to change its Designated In-House Counsel may raise the issue with the Court for determination on an expedited basis.

the course of his or her deposition or trial testimony, Confidential Discovery Material or Highly Confidential Discovery Material.  A non-party deposition or trial witness shall not be permitted to retain copies of any Confidential Discovery Materials or Highly Confidential Discovery Materials shown to him or her during the course of his or her deposition or trial testimony.

25.    A Party may designate Discovery Material produced by another Disclosing Party as "Confidential" as "Highly Confidential – Attorneys' Eyes Only," provided that such Discovery Material contains the designating Party's own confidential or highly confidential information.  Such designations shall be accomplished by providing written notice to all Parties identifying (by production number, transcript line and page number, or other individually identifiable information) the Discovery Material so designated.  Promptly after providing such notice, the designating Party shall provide, or co-operate with the Disclosing Party to provide, re-labeled copies of the Discovery Material to each Receiving Party reflecting the new designation.  The Receiving Party or Parties shall replace the originally designated Discovery Material with the newly designated material and shall destroy the previously produced material.  Any Party may object to the designation of Discovery Materials pursuant to the procedures set forth in Paragraph 10 of this Stipulation and Order.  The designating Party shall bear the burden of establishing the basis for the designation.

26.    Each Receiving Party shall use due care with respect to the storage, custody, use, and/or dissemination of Confidential Discovery Material and Highly Confidential Discovery Material.  A person with custody of Discovery Material designated Confidential or Highly Confidential shall use commercially reasonable efforts to maintain them in a manner that limits access to those persons entitled under this Stipulation and Order to examine the Discovery Material so designated.

27. Nothing herein shall restrict a qualified recipient from making working copies, abstracts, and digests, of Confidential Discovery Material or Highly Confidential Discovery Material for use in connection with this litigation, and such working copies, abstracts, and digests, shall be deemed to have the same level of protection as other Confidential Discovery Material or Highly Confidential Discovery Material.  Further, nothing herein shall restrict a qualified recipient from converting or translating such Confidential Discovery Material or Highly Confidential Discovery Material into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to those qualified recipients set forth in Paragraphs 18 and 20.

28. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall, no later than five (5) business days after receiving such subpoena or request, give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request.  The person to whom the subpoena or request is directed also shall make reasonable good faith efforts to provide to the Disclosing Party a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Discovery Materials, before the person to whom the subpoena or request is directed takes any action to comply with the subpoena or request.  In no event shall such Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena or request without providing the Disclosing Party an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law.

29. Unless otherwise ordered, a party seeking to file an opposing party's Confidential Discovery Material or Highly Confidential Discovery Material shall do so in conformity with Rule 4.C. of the Court's Individual Rules and Practices.

30. The Parties may meet and confer concerning the potential use of any Confidential Discovery Material or Highly Confidential Discovery Material at any hearing, trial, or any other court appearance in the Action. The Parties may also seek agreement on the record or guidance from the Court during any hearing, trial, or any other court appearance in the Action regarding the use of any Confidential Discovery Material or Highly Confidential Discovery Material. The use of Confidential Discovery Material or Highly Confidential Discovery Material at a hearing, trial, or court appearance shall not cause such Discovery Material to lose its status as Confidential or Highly Confidential.

31. After the termination of the Action (including after all appeals relating to the Action have been exhausted or the time to appeal has expired), this Stipulation and Order shall continue to be binding upon the Parties hereto, and upon all persons to whom Confidential Discovery Material or Highly Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the Parties for enforcement of this Stipulation and Order.

32. Within one hundred (100) days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the Parties to the Action shall take commercially reasonable efforts to see that all Discovery Material shall either be (a) destroyed and the Disclosing Party shall be provided with a certification stating that the Disclosing Party's Discovery Materials have been destroyed; or (b) returned, upon the request of the Disclosing Party. Counsel may retain those materials that are part of the deposition or trial record, that have been filed with the court, and attorney work product such as memoranda or drafts or working copies of

court papers. Furthermore, subject to further order of the court, outside counsel of record may retain copies of all correspondence, legal memoranda, work product, pleadings, motions, orders, written discovery, deposition transcripts and exhibits, and other papers filed with the Court even though they may contain, summarize or reference documents designated for protection under this Order.  The Parties shall confirm their compliance with these obligations in writing and within the 100-day period stated above.

33. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own Discovery Materials that have been designated as Confidential or Highly Confidential pursuant to this Stipulation and Order.

34. In addition, nothing in this Stipulation and Order shall prevent or in any way limit disclosure, use or dissemination of any Discovery Material that:

(a) was, is, or becomes public knowledge, not in breach of this Stipulation and Order;

(b) limits the Parties' use or disclosure of their own Discovery Materials that have been designated as Confidential Discovery Material or Highly Confidential Discovery Material; or

(c) is acquired by a Party from a non-party having the right to disclose such Discovery Material or is learned by a Party as a result of that Party's own independent efforts, investigation or inquiry.

35. Any non-party that produces or provides Discovery Material in this Action may designate such material as Confidential or Highly Confidential – Attorneys' Eyes Only in the same manner and subject to the same protections and constraints as the Parties to the Action.

36. In the event that additional persons become parties to the Action, such parties may join this Stipulation and Order by agreeing in writing to be bound by its terms and conditions, absent objection of the Parties.

37. This Stipulation and Order shall not be construed to affect or limit in any way the admissibility or use of any Discovery Material or other evidence, whether it is designated as Confidential or Highly Confidential at trial, in briefing or on a hearing concerning any dispositive motion (such as a summary judgment motion or other hearing of the Action), or to prejudice or limit in any way the rights of any Party to object to the authenticity, admissibility into evidence or use of any Discovery Material or other evidence at trial or a hearing.

38. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of Confidential or Highly Confidential – Attorneys' Eyes Only information, provided, however, that in rendering such advice the attorney shall not disclose any Confidential or Highly Confidential – Attorneys' Eyes Only to any unauthorized person.

39. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice.  Unless otherwise ordered or agreed upon by the parties, this Protective Order shall survive the termination of the Action.

Dated: December 16, 2020

Respectfully submitted,

| MORGAN, LEWIS & BOCKIUS LLP | SULLIVAN & CROMWELL LLP |
|---|---|
| *David W. Marston Jr.* <br> David W. Marston Jr. (*pro hac vice*) <br> 200 S. Biscayne Blvd., Suite 5300 <br> Miami, FL 33131 <br> Office: 305.415.3443 <br> Mobile: 610.329.1210 <br> Fax: 305.415.3001 <br> david.marston@morganlewis.com <br><br> Jawad B. Muaddi <br> 101 Park Avenue <br> New York, NY 10178-0060 <br> Office: 212.309.6000 <br> Mobile: 917.507.4779 <br> Fax: 212.309.6001 <br> jawad.muaddi@morganlewis.com <br><br> *Attorneys for Defendants Maersk A/S, f/k/a Maersk Line A/S and Hamburg Südamerikanische Dampfschifffahrts Gesellschaft APS & CO KG* | *Jeffrey T. Scott* <br> Jeffrey T. Scott <br> Adam R. Brebner <br> Adam R. Rahman <br> 125 Broad Street <br> New York, NY 10004 <br> Office: 212.558.4000 <br> Fax: 212.291.9113 <br> scottj@sullcrom.com <br> brebnera@sullcrom.com <br> rahmana@sullcrom.com <br><br> *Attorneys for Plaintiff GCT New York LP* |

EXHIBIT A

**UNDERTAKING REGARDING
STIPULATION AND ORDER GOVERNING
<u>CONFIDENTIALITY OF DISCOVERY MATERIAL</u>**

  I, _____, declare that:

  1. I have received a copy of the Stipulation and Order Governing Confidentiality of Discovery Material, entered on _____ (the "Stipulation and Order") in the action entitled *GCT New York LP v. Maersk Line A/S, et al.*, Case No. 20-cv-3121 (JPC) (S.D.N.Y.) (the "Action"), and I have read and understand its provisions.

  2. I will comply with all of the provisions of the Stipulation and Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order and will not use for purposes other than for the Action any information or materials designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that I receive in the Action, except as otherwise permitted under the terms of the Stipulation and Order.

  Dated: _____

                  _____

# O R D E R

The stipulation and proposed order is entered, subject to the alteration that the Court made on page 5.

SO ORDERED.

Date: December 19, 2020
      New York, New York

_____
JOHN P. CRONAN
United States District Judge