# Morgan Lewis

**David W. Marston Jr.**
+1.305.415.3443
david.marston@morganlewis.com

February 23, 2021

**VIA ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:  <u>GCT New York LP v. Maersk Line A/S, et al., 20-cv-3121 (JPC)</u>

Dear Judge Cronan:

We write on behalf of Defendants Maersk A/S, f/k/a Maersk Line A/S ("Maersk") and Hamburg Südamerikanische Dampfschifffahrts Gesellschaft APS & CO KG ("Hamburg Süd") (collectively "Defendants") pursuant to Rule 5.C of Your Honor's Individual Rules to request an informal conference regarding a discovery dispute.

The parties have reached agreement on custodians and a joint set of ESI search terms and are proceeding with the review and production of documents.  The parties are at an impasse, however, with respect to one important issue.  Plaintiff GCT New York LP ("GCT") refuses to search the documents of its agreed custodians using ESI search terms relating to its alleged damages and mitigation efforts.  The search terms Defendants proposed relating to these issues are set forth in the Appendix to this letter.  Defendants revised these terms in response to GCT's concerns that certain terms were overbroad.  We remain open to further revisions to the extent any search term produces an unreasonable number of hits.  However, GCT has not advised that this is a problem for any search term.  Rather, GCT proposes only to make "targeted requests" for documents from its finance department.  While non-custodial documents including P&Ls are relevant, discovery regarding damages and mitigation should not be limited simply to "targeted requests" from GCT's finance department.  ESI searches of the agreed custodians for documents relating to GCT's alleged damages and mitigation efforts are critical for several reasons.

*First*, GCT's alleged damages (and any related mitigation efforts) are the **primary issues** in this case.  On June 15, 2020, GCT's counsel represented to the Court that "the primary issue to be litigated is the amount of damages to which GCT is entitled."  ECF No. 37, at 3.  There is no justification for GCT's refusal to run ESI search terms relating to the primary issues in this case.  As noted above, GCT has not advised that the search terms relating to damages and mitigation yield an unreasonable number of hits.  Rather, GCT

Morgan, Lewis & Bockius LLP

600 Bickell Avenue
Suite 1600
Miami, FL  33131-3075         ☏ +1.305.415.3000
United States                 ✉ +1.305.415.3001

Honorable John P. Cronan
February 23, 2021
Page 2

flatly refuses to search the documents of its custodians with respect to the primary issues in this case. That is plainly improper.

*Second*, the agreed custodians include three finance custodians from GCT: (1) Cheryl Yaremko, the Chief Financial Officer of GCT's parent, GCT Global Container Terminals, Inc.; (2) Anthony Roselle, GCT's Vice President of Finance responsible for the Staten Island terminal; and (3) Mike Davis, who succeeded Mr. Roselle in July 2020. GCT's agreement to search the documents of these custodians is meaningless without the ESI search terms relating to damages. The whole point of including the finance custodians was to allow discovery of their emails and other ESI relating to GCT's alleged damages.

*Third*, the P&Ls that GCT has produced to date reveal a number of significant corporate allocations between GCT and its corporate parent, GCT Global Container Terminals, Inc. These corporate allocations suggest that GCT may be artificially inflating its profit margins by shifting certain costs and expenses to its parent and/or its sister terminal, GCT Bayonne. This is not mere speculation. GCT Global Container Terminals, Inc. operates its four container terminals as a single enterprise. Indeed, Todd Croll, Esq., General Counsel of the GCT group of companies, edited the TSA at issue. Moreover, GCT Staten Island and GCT Bayonne entered into an agreement – signed by John Atkins on behalf of both parties – allowing the two terminal operators to fix prices, cooperate on operations, etc. *See* GCT New York / GCT Bayonne Agreement, *available at* https://www2.fmc.gov/FMC.Agreements.Web/Public/Document/19591. Defendants are entitled to explore the ESI of GCT's custodians with respect to GCT's corporate allocations, financials and other issues impacting its alleged damages.

*Fourth*, GCT's representations to the Court about the harm it allegedly suffered from the early termination of the TSA have changed significantly during the course of this case. In its motion for TRO, GCT represented that it would "cease to be a going concern" if the Court denied the TRO and Defendants were allowed to move their vessels to another terminal. ECF No. 7, at 10, 14; *see* Apr. 24, 2020 TRO Tr., p. 7-8 ("THE COURT: … So are you saying that between now and six months from now, that the company basically will be insolvent and not be able to meet its obligations? MR. ROWND: Yes."). Ten months after counsel made that representation to Judge Broderick, GCT remains a viable business. Defendants are unquestionably entitled to explore the basis for GCT's representations to the Court about the harm it would suffer from Defendants' early termination of the TSA.

*Finally*, with respect to mitigation, it is well settled that a plaintiff asserting a breach of contract claim is "under a duty to mitigate damages to the extent practicable." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110 n.21 (2d Cir. 2007). Defendants asserted the defense of failure to mitigate and are entitled to discovery concerning GCT's marketing and sales efforts to attract additional business. *See L-7 Designs, Inc. v. Old Navy, LLC*, 964 F. Supp. 2d 299, 316 (S.D.N.Y. 2013). The parties' agreed custodians include Brian Kobza, GCT's Director of Sales and Marketing. GCT's agreement to search Mr. Kobza's documents is meaningless without the ESI search terms

Honorable John P. Cronan
February 23, 2021
Page 3

relating to mitigation. Mitigation is not limited to other business opportunities that GCT pursued or could have pursued. It includes the fixed and variable costs that GCT could have reduced or avoided altogether after Defendants' vessels stopped calling GCT's terminal in May 2020. Such costs may include labor costs, as well as expenses relating to GCT's lease with the Port Authority. These issues were addressed in the Declaration of John Atkins filed in support of GCT's Motion for a Temporary Restraining Order. *See* ECF No. 8 ¶¶ 36, 39. For example, Mr. Atkins stated that the early termination of the TSA would cause a "precipitous decline in the maintenance labor force at the Terminal." *Id.* ¶ 39. Defendants are entitled to discovery into these issues.

GCT's "compromise" proposal under which the parties would use the agreed joint search terms for the period after the date of the Complaint is plainly insufficient. The joint search terms relate primarily to the parties' negotiations concerning the TSA and its amendments. They were not intended to capture documents relevant to damages and mitigation. Moreover, the documents relating to damages and mitigation are uniquely within GCT's possession. The only relevant information in Defendants' possession relating to damages is the actual and projected volumes for the three services, which Defendants have already produced to GCT.

Respectfully submitted,

David W. Marston Jr.

Enclosure.

Defendants' request for a conference regarding a discovery dispute is granted. Counsel for all parties shall appear before the undersigned on March 5, 2021 at 10:00 a.m. The Court will conduct the conference by teleconference. At the scheduled time, counsel for all parties shall call (866) 434-5269, access code 9176261.

All parties shall also be prepared to discuss the discovery disputes Plaintiff raised in its letter filed at Docket Number 56.

SO ORDERED.

Date: March 2, 2021
New York, New York

JOHN P. CRONAN
United States District Judge

# APPENDIX
# SEARCH TERMS RELATING TO DAMAGES AND MITIGATION

1. (Maersk OR Sealand) **AND** [each string in below list]*
   a. (APM OR APMT OR Elizabeth OR ELZ)
   b. (agreement OR contract OR TSA OR amend*)
   c. ((section) w/2 (11* OR 5* OR 10* OR 2*))
   d. (limit* w/5 liability)
   e. (terminat* OR violat* OR disreg* OR rescin* OR void* OR breach* OR cancel* OR repudiate* OR interfer* OR induc*)
   f. ("North Atlantic" OR NAE OR "East Coast South America" OR ECSA OR "West Coast South America" OR WCSA OR Tango OR Americas OR AGAS OR ABUS OR Andreas OR Karachi OR Gateshead OR Nienburg)
   g. Labor OR longshore* OR union* OR work* OR employ* OR steadies OR overtime OR job OR ILA OR Local 1814 OR Island Securing OR Island OR ISM OR Metropolitan Marine Maintenance Contractors Association OR Metropolitan Marine OR MMMCA OR pension OR unfunded OR headcount
2. (commit* /10 (line OR service OR string OR volume))
3. (Loss* OR Damag* OR "pre-estimate" OR liability OR injur* OR penalty OR indemnif*)
4. (Maersk OR Sealand) **AND** (profit* OR loss* OR P&L OR compensate* OR impact OR negative OR econ* OR revenue OR income OR receivable* OR EBITDA OR cash flow OR balance sheet OR Key Performance Indicator OR KPI OR financial OR operating OR cost* OR COGS OR expense* OR expenditure* OR variable OR payable OR budget* OR asset* OR liab* OR defer* OR equip* OR accounts)
5. allocation **AND** corpor* OR parent
6. lease **AND** (guarant* OR commit* OR minim* OR lock*)
7. Mitigation OR opportunity OR relocate* OR reallocat* OR reroute* OR reduc* OR transfer* OR redirect* OR reassign* OR switch* OR flex*
8. Financing OR funding OR loan OR lender OR projection* OR investment OR investor OR capital OR valuation OR appraisal OR credit agreement
9. marketing OR sales OR pitch* OR term sheet OR proposal OR bid
10. Bankrupt* OR insolv* OR going concern OR liquidity OR catastroph*

*Searches 1.a - 1.f. are included in the parties' agreed-upon joint search terms and GCT has agreed to run those terms for the period of April 20, 2020 to December 31, 2020.