# Morgan Lewis

**David W. Marston Jr.**
+1.305.415.3443
david.marston@morganlewis.com

August 24, 2021

**VIA ECF**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

    Re:    <u>GCT New York LP v. Maersk Line A/S, et al., 20-cv-3121 (JPC)</u>

Dear Judge Cronan:

    We write on behalf of Defendants Maersk A/S, f/k/a Maersk Line A/S and Hamburg Südamerikanische Dampfschifffahrts Gesellschaft APS & CO KG (collectively "Defendants"), pursuant to Rule 4.B of the Court's Individual Rules and Practices in Civil Cases and the Court's August 16, 2021 Order, to request that certain portions of the transcript of the August 16, 2021 conference on certain discovery motions be sealed. Attached as Exhibit A is a copy of a proposed redacted version of the transcript.[1]

    On August 16, 2021, the Court held a Local Rule 37.2 conference that in part addressed a motion to compel discovery filed by Plaintiff GCT New York LP ("GCT").[2] (ECF Nos. 86-87). GCT's motion to compel sought documents and pleadings from three different third parties, including two affiliates of Defendants and one company not affiliated with Defendants. GCT filed a motion to seal seeking approval to redact portions of its motion to compel letter and exhibit that contain Highly Confidential discovery material. (ECF No. 85). Defendants filed a letter in support of GCT's motion to seal and likewise requested permission to file their opposition partially under seal. (ECF Nos. 90-91).

    At the August 16 hearing, the Court denied in part with prejudice and denied in part without prejudice GCT's motion to compel. (Ex. A, 8/16/21 Tr., pp. 56-57). The Court granted the motion to seal. (*Id.* at p. 57). Given that the final transcript of the August 16 hearing contains numerous references to the Highly Confidential discovery

---

[1] Pursuant to Rule 4.B.ii of the Court's Individual Rules, Defendants will submit by email an unredacted copy of the transcript with highlighting showing the proposed redactions.

[2] The Court also addressed two other motions to compel, one filed by GCT (ECF Nos. 75-76) and one filed by Defendants (ECF No. 80), which are not at issue in this motion to seal.

**Morgan, Lewis & Bockius LLP**

600 Bickell Avenue
Suite 1600
Miami, FL  33131-3075     ☏ +1.305.415.3000
United States     ✆ +1.305.415.3001

Honorable John P. Cronan
August 24, 2021
Page 2

material that was subject to the motion to seal, the Court (1) ordered that the transcript be sealed until August 27, 2021, and (2) permitted Defendants to file this motion to seal the transcript on or before August 24, 2021.  (*Id.* at p. 58).

The proposed redacted portions of the August 16 transcript set forth in Exhibit A should remain under seal for the reasons set forth in Defendants August 11, 2021 letter supporting the motion to seal the parties' submissions associated with GCT's motion to compel.  (ECF Nos. 90-91); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Defendants incorporate their August 11 letter herein to avoid repetition.  In granting the motion to seal, the Court accepted the arguments in Defendants' August 11 letter, and those same arguments support the current motion to seal portions of the August 16 transcript.  *See* (Ex. A, 8/16/21 Tr., pp. 57) (explaining that the documents and information at issue "are not judicial documents because they're not aiding the Court, necessarily, in deciding a motion" and "there is a basis for keeping them redacted and under seal, again for the reasons that defendants note in their letter.").  Those arguments apply with even greater force now because the Court denied in part with prejudice and denied in part without prejudice GCT's motion to compel.

                        Respectfully submitted,

                        David W. Marston Jr.

Enclosure

> For the reasons given with regard to Defendants' previous request to seal at the August 16, 2021 conference, this unopposed request to redact the August 16, 2021 transcript is granted.  The Court finds that the proposed redactions meet the standard outlined in *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

SO ORDERED.

Date: August 30, 2021
      New York, New York

JOHN P. CRONAN
United States District Judge